UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRIONA HUBBARD,** | } |
| **Plaintiff,** | } } } |
| v. | } Case No.: 2:23-cv-00917-MHH |
| **TRUSSVILLE GAS,** | } } } |
| **Defendant.** | } |

## **MEMORANDUM OPINION**

On July 14, 2023, *pro se* plaintiff Briona Hubbard filed this action against Trussville Gas. Ms. Hubbard filed a motion for a temporary restraining order with her complaint. (Docs. 1, 3). In her complaint, Ms. Hubbard cited several federal statutes and attempted to assert claims under those statutes. Ms. Hubbard also filed an *in forma pauperis* affidavit asking for permission to proceed without prepaying filing fees and costs. (Doc. 2).

The Court held a hearing on Ms. Hubbard's request for a TRO and granted her motion to proceed IFP. (Minute Entry, July 14, 2023). At the hearing, the Court informed Ms. Hubbard that, based on the allegations in the complaint, it did not appear that the Court had jurisdiction over the action because she did not have

1

standing to assert claims under the statutes she cited in her complaint. Ms. Hubbard amended her complaint, (Doc. 5).

The Court has reviewed Ms. Hubbard's amended complaint. (Doc. 5). Her request for IFP status triggers a two-step inquiry regarding her complaint. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). When a plaintiff asks to proceed IFP, a district court must examine the plaintiff's IFP affidavit and determine whether the plaintiff is economically eligible for IFP status under §1915(a). *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). If the plaintiff is economically eligible for IFP status, then the district court must docket the case and move to step two. At step two, the court must assess whether the allegations in the complaint meet the pleading standard under § 1915(e)(2). *Martinez*, 364 F.3d at 1307; *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997). Under 28 U.S.C. § 1915, a district court must dismiss a complaint if the factual allegations are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law or fact." *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010).

When reviewing a *pro se* complaint pursuant to § 1915, a district court must be mindful that complaints written by *pro se* litigants are held to a less stringent

standard than pleadings drafted by attorneys. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). Though a district court must be lenient in its review of a *pro se* pleading, the court "cannot act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

Because the Court already found that Ms. Hubbard qualifies for IFP status and granted her motion to proceed without prepayment of fees and costs, the Court turns to § 1915(e)(2) and examines Ms. Hubbard's allegations against Trussville Gas to determine whether she has presented claims that have arguable merit in law and fact. In her amended complaint, Ms. Hubbard states that on July 14, 2023, Trussville Gas, a utility provider in Alabama, disconnected the gas at her home. (Doc. 5, p. 8). According to Ms. Hubbard, Trussville Gas "refused to accept negotiable instrument for payment," breached its contract with her, issued deceptive billing statements with the intent to obtain money" from her, and "committed fraud by accepting payments due to the United States . . . ." (Doc. 5, pp. 6–8). Ms. Hubbard alleges that Trussville Gas is "responsible for repayment of all payments made by [her]," and that she is "due equitable subrogation because [she] paid debt do [*sic*] to another." (Doc. 5, p. 7).

Though her contract and fraud claims seem to arise under state law, Ms.

Hubbard has cited several federal statutes and Uniform Commercial Code provisions in her amended complaint.[1] At the July 14, 2023, hearing, the Court stated that it had reviewed 18 U.S.C. § 8, a statute which Ms. Hubbard cites for the proposition that her gas utility bill was due to the United States, not Trussville Gas. (Doc. 5, p. 6). The Court explained that 18 U.S.C. § 8 does not give Ms. Hubbard a cause of action against Trussville Gas. A transcript of the July 14, 2023, hearing is available upon request. Like 18 U.S.C. § 8, the additional federal statutes Ms. Hubbard cites in her amended complaint do not provide a basis for her to proceed against Trussville Gas in federal court.[2]

---

[1] 18 U.S.C. § 8; 41 U.S.C. § 6503; 18 U.S.C. § 1341; 19 U.S.C. § 1592; U.C.C. §§ 3-306, 3-603; 29 U.S.C. § 1109; 15 U.S.C. § 1692j; 7 U.S.C. § 13(a)(1); 15 U.S.C. 57(b); and 33 U.S.C. § 2715. (Doc. 5, pp. 2, 6–8).

[2] *See Austin v. Glob. Connection*, 303 Fed. Appx. 750, 752 (11th Cir. 2008) (stating that 18 U.S.C. § 1341 is a "criminal statute[] which do[es] not provide for civil remedies"); 41 U.S.C. § 6503 (pertaining to penalties for the breach of a contract made by an agency of the United States); 33 U.S.C. § 2715 (concerning the right to subrogation under the Oil Pollution Liability and Compensation Act for removal costs or damages associated with oil spills); 19 U.S.C. § 1592 (setting out penalties for violations of certain provisions of the Enforce and Protect Act); 29 U.S.C. § 1109 (pertaining to the liability that fiduciaries of retirement plans face under the Employee Retirement Income Security Program for breach of their duties); 7 U.S.C. § 13 (pertaining to punishment for violations of the Commodity Exchange Act); 15 U.S.C. § 57 (separability clause of the Fair Trade Commission Act).

Ms. Hubbard also cites U.C.C. §§ 3-104 and 3-306, and alleges that Trussville Gas "refused to accept negotiable instrument for payment . . . ." (Doc. 5, pp. 2, 7). Ms. Hubbard's claims under the UCC are unavailing because "[t]he UCC, itself, is not the law of any state, nor is it federal law. In order to support a cause of action, a plaintiff must rely on a state's codification of the UCC." *Larkins v. Montgomery Cnty. Cir. Ct.*, 2020 WL 2744116, at *4 (M.D. Ala. Apr. 21, 2020), *report and recommendation adopted*, 2020 WL 2739821 (M.D. Ala. May 26, 2020) (internal quotations and citation omitted).

One statute warrants discussion. Ms. Hubbard alleges that Trussville Gas provided "false and deceptive forms" to her in violation of 15 U.S.C. § 1692j. (Doc. 5, p. 6). Section 1692j makes it "unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1692j. Section 1692j(a) "bars the practice commonly known as 'flat-rating,' in which an individual sends a delinquency letter to the debtor portraying himself as a debt collector, when in fact he has no real involvement in the debt collection effort; in effect, the individual is lending his name to the creditor for its intimidation value, often in exchange for a 'flat' rate per letter." *Mahan v. Lab'y Corp. of Am.*, 2011 WL 836674, at *3 (S.D. Ala. Mar. 9, 2011) (internal quotations and citation omitted).

Ms. Hubbard's complaint does not identify a deceptive form that Trussville Gas allegedly provided her or the information such a form contained. To the extent Ms. Hubbard alleges that Trussville Gas's billing statements are deceptive forms, (Doc. 5, p. 7), Ms. Hubbard has not pleaded a plausible claim under § 1692j because she has not alleged that Trussville Gas furnished a form giving her the

5

impression that the anyone other than Trussville Gas was attempting to collect the amount due on the gas utility bill. *Cornick v. S&N Servicing Corp.*, 2020 WL 9813473, at *12 (N.D. Ga. May 14, 2020), *report and recommendation adopted sub nom. Cornick v. SN Servicing Corp.*, 2020 WL 9813546 (N.D. Ga. June 3, 2020).

Accordingly, Ms. Hubbard has not alleged federal claims that have arguable merit in law or fact. The Court declines to exercise jurisdiction over Ms. Hubbard's state-law claims; she may pursue her state law claims by filing a complaint in state court. 28 U.S.C. § 1367.[3] The Court understands the difficulties Ms. Hubbard faces by not having access to gas at her home for hot water and cooking. Two resources may be available to Ms. Hubbard to help her with her gas utility bill.[4]

Because Ms. Hubbard has not alleged federal law claims that have arguable merit in law or fact, the Court must dismiss her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). By separate order, the Court will dismiss this action without prejudice.

---

[3] Ms. Hubbard has not alleged facts that would allow the Court to exercise jurisdiction over state-law claims pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute.

[4] The program requirements and application for the Low-Income Home Energy Assistance Program (LIHEAP) can be found at https://www.caaneal.org/liheap. The Bridge Ministries' rental and utilities assistance program can be reached at 205-930-0309 or by visiting https://bridgeministriesbham.org.

**DONE** and **ORDERED** this August 10, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE